# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | | |
|---|---|---|
| **RAYMOND SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 17-0417-WS-N** |
| | ) | |
| **OSIE PICKENS,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## SHOW CAUSE ORDER

This matter comes before the Court *sua sponte* on preliminary screening of the Notice of Removal (doc. 1) and accompanying materials filed by defendants, Osie Pickens, Anthony Sanders and Geraldine Parte.

Plaintiff, Raymond Smith, commenced this action by and through counsel by filing a Complaint against Pickens, Sanders and Parte in the Circuit Court of Hale County, Alabama. Smith's Complaint alleges that defendants (all of whom are apparently Hale County public school officials) falsely accused him of making terroristic threats at Greensboro Middle School on February 18, 2016, causing Smith to be arrested, humiliated, and forced to spend 13 days in jail for something he did not do. On that basis, Smith brings what appear to be purely state-law claims against defendants for slander per se (Count One), abuse of process (Count Two), malicious prosecution pursuant to Alabama Code § 6-5-550 (Count Three), and false imprisonment pursuant to Alabama Code § 6-5-170 (Count Four). No other claims or causes of action appear on the face of the Complaint.

On September 14, 2017, defendants removed the action to this District Court, based solely on federal question jurisdiction pursuant to 28 U.S.C. § 1331 (with supplemental jurisdiction under 28 U.S.C. § 1367 for the state-law claims). Defendants specifically posit that "[t]his action arises under the Constitution, laws, or treaties of the United States." (Doc. 1, ¶ 3.) However, the Notice of Removal in its current form leaves considerable doubt as to the viability of that jurisdictional theory. In light of its narrowly circumscribed jurisdiction, this Court bears an affirmative duty to inquire *sua sponte* whenever it appears that subject matter jurisdiction may

be lacking. *See Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007) ("Federal courts are obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.") (citation and internal quotation marks omitted).[1]  Accordingly, the undersigned enters this Order to identify the critical shortcoming in the Notice of Removal and to afford defendants an opportunity to remedy it.  *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction.").

As noted, defendants have predicated removal jurisdiction on the federal question provisions of 28 U.S.C. § 1331.  The fundamental problem with this contention is that Smith's claims against defendants as set forth in the Complaint consist of exclusively state-law causes of action for slander per se, abuse of process, and Alabama statutory claims of malicious prosecution and false imprisonment.  Typically, "a defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010).[2]  "Vague allegations or inferences in the complaint are insufficient to warrant removal."  *Cotromano v. United Technologies Corp.*, 7 F. Supp.3d 1253, 1255 (S.D. Fla. 2014).  On its face, Smith's Complaint

---

[1]    *See also Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005) (similar); *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) ("[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises.").

[2]    *See also Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Florida, Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015) ("Generally, a complaint alleging only state law claims is not removable to federal court based on federal subject matter jurisdiction. … The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint.") (citations and internal quotation marks omitted); *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. … If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court.").

does not interpose a federal cause of action, nor do any of his claims purport to arise under the Constitution, laws or treaties of the United States.

In asserting that § 1331 jurisdiction exists, defendants rely exclusively on the "Introduction" section of the Complaint, in which Smith states that this is a civil action "for slander per se, abuse of process, malicious prosecution, false imprisonment ***and for wrongful acts committed under the color of Alabama law, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States***." (Doc. 1-2, at 1 (emphasis added).) The Introduction of the Complaint also states that defendants "deprived Plaintiff of his liberty without due process of law." (*Id.*) That's all well and good, but these allegations appear nowhere in the Complaint other than the "Introduction." Smith brings no due-process claim against defendants, and no federal constitutional claim of any stripe. Merely mentioning plaintiff's belief that defendants violated his due process rights in the preamble of his pleading does not mean that Smith is asserting a federal constitutional claim against them, so as to support the existence of federal question jurisdiction. Yet defendants make no other argument or showing in support of removal jurisdiction. Accordingly, the Notice of Removal does not make an adequate showing that federal question jurisdiction properly lies here.

In light of the foregoing, defendants are **ordered** to supplement their Notice of Removal, on or before **October 13, 2017**, with a memorandum, supported by exhibits and legal authority as appropriate, sufficient to meet their burden of showing that federal removal jurisdiction exists over this matter. Plaintiff is **ordered** to file a response on or before **October 20, 2017**, at which time the jurisdictional issue will be taken under submission.

DONE and ORDERED this 29th day of September, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE