# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| RAYMOND SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 17-0417-WS-N |
| | ) |
| OSIE PICKENS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the Court *sua sponte*. On September 29, 2017, the undersigned entered a Show Cause Order (doc. 5) raising questions as to the existence *vel non* of federal subject matter jurisdiction as alleged in defendants' Notice of Removal (doc. 1). The parties have been given a full opportunity to brief the particular jurisdictional concerns raised in the September 29 Order.[1]

**I.    Background.**

Plaintiff, Raymond Smith, commenced this action by and through counsel by filing a Complaint against Osie Pickens, Anthony Sanders and Geraldine Parte in the Circuit Court of Hale County, Alabama. Smith's Complaint alleges that defendants (all of whom appear to be Hale County public school officials) falsely accused him of making terroristic threats at

---

[1] Although both sides were ordered to file responses to the Show Cause Order, only defendants complied. (*See* doc. 6.) Plaintiff has elected to remain silent on the jurisdictional question. Nonetheless, plaintiff's failure to address the issue is of no analytical consequence, given the well-settled rule that defects in subject matter jurisdiction cannot be waived. *See, e.g., In re Bayou Shores SNF, LLC*, 828 F.3d 1297, 1328 (11th Cir. 2016) ("Subject-matter jurisdiction properly comprehended … refers to a tribunal's power to hear a case, *a matter that can never be forfeited or waived*.") (citation omitted); *In re Heatherwood Holdings, LLC*, 746 F.3d 1206, 1216 (11th Cir. 2014) ("[P]arties cannot waive subject matter jurisdiction, and we may consider subject matter jurisdiction claims at any time during litigation.") (citations omitted); *Travaglio v. American Exp. Co.*, 735 F.3d 1266, 1269-70 (11th Cir. 2013) ("it is fundamental that parties may not stipulate to federal jurisdiction").

Greensboro Middle School on February 18, 2016, causing Smith to be arrested, humiliated and jailed for 13 days for something he did not do.

On its face, the Complaint clearly delineates four causes of action against defendants, with each claim set forth in a separate section and unambiguously labeled as such. Smith's claims are identified in the pleading as follows: (i) "Count One: Slander Per Se;" (ii) "Count Two: Abuse of Process;" (iii) "Count Three: Malicious Prosecution; § 6-5-550;" and (iv) "Count Four: False Imprisonment; § 6-5-170." Each of these claims is presented in the Complaint as arising purely under Alabama law. Indeed, nowhere in the "Cause of Action" section of his Complaint does Smith reference the U.S. Constitution or any federal statute or constitutional right, much less suggest that any of Counts One through Four are brought pursuant to 42 U.S.C. § 1983 or otherwise grounded in whole or in part on a federal constitutional or statutory theory.

Notwithstanding the foregoing, defendants filed a Notice of Removal (doc. 1) on September 14, 2017, removing this action to this District Court. In their Notice, defendants predicated federal subject matter jurisdiction solely on the federal question provisions of 28 U.S.C. § 1331. According to defendants, removal was proper because "[t]his action arises under the Constitution, laws, or treaties of the United States" based on certain language contained in the "Introduction" section of the Complaint. (Doc. 1, ¶ 3.) In particular, defendants maintained that the following text from the "Introduction" was sufficient to trigger federal question jurisdiction:

> "This is a civil action seeking damages against Defendants … for slander per se, abuse of process, malicious prosecution, false imprisonment and for wrongful acts committed under the color of Alabama law, thus depriving Plaintiff of rights secured by the Constitution and laws of the United States of America. Defendants … deprived plaintiff of his liberty without due process of law …."

(Doc. 1-2, at 1.) In the September 29 Order, the Court directed briefing on the sufficiency of the cited language to support removal jurisdiction under § 1331.

## II. Analysis.

As the removing parties, Pickens, Sanders and Parte bear the burden of showing that federal subject matter jurisdiction properly lies here. *See, e.g., Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) ("the burden of establishing removal jurisdiction rests with the defendant seeking removal"); *City of Vestavia Hills v. General Fidelity Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence

of federal subject matter jurisdiction."). In an effort to satisfy this burden, defendants invoke the federal question provisions of 28 U.S.C. § 1331.

Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In the ordinary case, "[f]ederal question jurisdiction must be determined by reference to the well-pleaded complaint rule. Under that rule, the federal basis for jurisdiction must show on the face of the plaintiff's complaint." *City of Huntsville v. City of Madison*, 24 F.3d 169, 172 n.4 (11th Cir. 1994); *see also Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011) ("Federal question jurisdiction generally exists only when the plaintiffs' well-pleaded complaint presents issues of federal law …."); *Connecticut State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1343 (11th Cir. 2009) ("The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint."). "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Connecticut State Dental*, 591 F.3d at 1343 (citations omitted). These principles apply with equal force in the removal context. *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 765 n.20 (11th Cir. 2010) ("a defendant may remove on the basis of federal question jurisdiction only where that question appears on the face of the plaintiff's complaint").[2]

On the face of Smith's Complaint, he is asserting four specific, enumerated claims against defendants. Those claims are purely state-law causes of action sounding in theories of slander *per se*, abuse of process, malicious prosecution and false imprisonment. Nothing in the text of Counts One, Two, Three or Four would support a reasonable inference that Smith is bringing them as federal statutory or constitutional claims. To the contrary, federal law does not

---

[2] *See also Gables Ins. Recovery, Inc. v. Blue Cross and Blue Shield of Florida, Inc.*, 813 F.3d 1333, 1337 (11th Cir. 2015) ("Generally, a complaint alleging only state law claims is not removable to federal court based on federal subject matter jurisdiction. … The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint.") (citations and internal quotation marks omitted); *Kemp v. International Business Machines Corp.*, 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of the plaintiff's complaint. … If the plaintiff elects to bring only state law causes of action in state court, no federal question will appear in the complaint that could satisfy the well-pleaded complaint rule, and the case may not be removed to federal court.").

appear to create Counts One, Two, Three or Four, nor does Smith's right to relief under those claims necessarily depend on resolution of a substantial question of federal law. Defendants do not argue otherwise. As such, under well-settled Eleventh Circuit precedents, Smith's well-pleaded complaint does not present a federal question. *See, e.g., Smith v. GTE Corp.*, 236 F.3d 1292, 1310 (11th Cir. 2001) ("A well-pleaded complaint presents a federal question where it establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.") (citation and internal quotation marks omitted). Because the Complaint does not comport with the well-pleaded complaint rule for federal question jurisdiction, no § 1331 jurisdiction exists here.

In so concluding, the Court finds unpersuasive defendants' reliance on the "Introduction" paragraph of the Complaint. To be sure, Smith (by and through counsel) makes reference in that paragraph to an alleged deprivation of Smith's "rights secured by the Constitution and laws of the United States," as well as a deprivation of Smith's "liberty without due process of law." The jurisdictional problem is that those bare allegations in the "Introduction" are untethered to any claim or cause of action actually pleaded in the Complaint. Smith's pleading was drafted by a lawyer, is well organized, and plainly delineates four (and only four) numbered claims.[3] Nowhere in those numbered claims are there any embedded federal constitutional or statutory questions. Federal law creates none of the claims actually enumerated in Smith's Complaint (*i.e.*, Count One, Count Two, Count Three, Count Four). Smith's right to relief in those enumerated claims does not turn on resolution of a substantial question of federal law. That Smith's pleading alleges in prefatory text that he thinks defendants' conduct violated his federal constitutional rights and deprived him of liberty without due process of law is of no jurisdictional consequence where such allegations are neither connected to nor reflected in the substance of Counts One through Four. Stated differently, when this case goes to trial, the jury will be tasked with determining whether defendants engaged in slander *per se* (Count One), abuse of process (Count Two), malicious prosecution under Alabama Code § 6-5-550 (Count Three) and false

---

[3] The Court rejects as inaccurate defendants' characterization that Smith's Complaint "inconsistently pleads specific causes of action, leaving the defendant[s] to glean what claims are asserted against them." (Doc. 6, at 4.) In fact, Smith's Complaint unambiguously identifies four specific, numbered, labeled causes of action against defendants. It does not leave any room for doubt or confusion as to the precise claims Smith is asserting here.

imprisonment under Alabama Code § 6-5-170 (Count Four). That jury will not be tasked with deciding whether defendants violated Smith's federal due process rights or otherwise engaged in a deprivation of his rights under federal law. This is because no claim for relief including those questions or issues is presented in the well-pleaded Complaint. Musings or accusations in what is essentially a preamble to a counsel-drafted pleading do not suffice to create federal question jurisdiction under the well-pleaded complaint rule. Defendants identify no authority or legal principles to the contrary.[4]

Nor do defendants strengthen their position by arguing that the "Prayer for Relief" demonstrates that Smith must be pursuing federal claims because it contains a demand for attorney's fees. Defendants are correct that the "Prayer for Relief" section of Smith's Complaint demands various remedies, including a request that defendants "pay for all litigation costs, expenses, and reasonable attorney's fees associated with the filing of this action." (Doc. 1-2, at

---

[4] To be sure, defendants cite two district court opinions in support of their jurisdictional position (*see* doc. 6, at 2-3); however, neither is helpful to their cause. First, in *Tonea v. Bank of America, N.A.*, 6 F. Supp.3d 1331 (N.D. Ga. 2014), the *pro se* plaintiff filed a complaint that the court characterized as "rambling, ambiguous, and confusing," and "composed mainly of conclusory statements regarding Defendant's alleged wrongdoing in issuing Plaintiff a home loan and in foreclosing on the property." *Id.* at 1334. Indeed, the *Tonea* plaintiff's complaint "alleges not one specific cause of action." *Id.* at 1340. Under the circumstances, the court construed the *Tonea* plaintiff's complaint as including claims under the U.S. Constitution and federal statutory claims under the FDCPA, RESPA and TILA because the complaint referenced all of those provisions. Here, by contrast, Smith's Complaint was prepared by a lawyer and set forth in clear terms the four specific claims and causes of action that Smith is pursuing against defendants. None of those claims implicate federal question jurisdiction. *Tonea* is thus readily distinguishable. Second, in *Jackson v. Municipality of Selma*, 2010 WL 2104591 (S.D. Ala. May 3, 2010), the plaintiff amended his complaint post-removal and indicated that his amendment was intended "to remove any federal claims." *Id.* at *2. But the *Jackson* court observed that the "Amended Complaint, as drafted, still includes federal claims," including "a section labeled 'Federal and Constitutional Claims'" that alleged violations of plaintiff's rights "under the fourth, eighth and fourteenth amendments." *Id.* at *3. *Jackson* bears not even passing similarity to this case. Smith has not sought to amend his complaint. In response to the removal and ensuing jurisdictional inquiry, he has made no representations to this Court about whether he intends to pursue federal claims or not. The body of his Complaint does not include a section labeled "Federal and Constitutional Claims." In short, *Jackson* involves an idiosyncratic fact pattern that has nothing in common with the circumstances present here. Most importantly, the *Jackson* complaint, as amended, still specifically included what were presented as "Federal and Constitutional Claims." By contrast, the numbered claims and causes of action in Smith's Complaint are couched exclusively in state-law terms. Neither *Tonea* nor *Jackson* is of material assistance to defendants' efforts to satisfy their burden of showing removal jurisdiction.

6.)  Defendants are also correct that an attorney's fee remedy is authorized for prevailing plaintiffs in § 1983 litigation.  *See* 42 U.S.C. § 1988(b) (stating that in § 1983 actions, "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs").  Defendants are incorrect, however, in asserting that attorney's fees are "a remedy ***only available*** to a prevailing party ***under a federal claim***."  (Doc. 6, at 3 (emphasis added).)  Indeed, Smith has framed Count Three as a malicious prosecution claim under Alabama Code § 6-5-550, which section specifically authorizes recovery of a reasonable attorney's fee.  *See* Ala. Code § 6-5-550 ("In any action for malicious prosecution under this section, the injured party may recover … a reasonable attorney's fee and all other costs of litigation.").  Thus, defendants' contention that attorney's fees would only be available to Smith if he were pursuing a federal cause of action appears misguided.[5]

### III. Conclusion.

For all of the foregoing reasons, the Court finds that defendants have not met their burden of showing that federal subject matter jurisdiction exists here.  No federal question appears on the face of Smith's well-pleaded Complaint; rather, federal law creates none of the four numbered causes of action specified in the pleading, and Smith's right to relief in those purely state-law claims does not necessarily depend on resolution of a substantial question of federal law.  This Court will not convert broad prefatory statements in an attorney-prepared pleading's "Introduction" into unasserted federal causes of action, and thereby assume into existence federal question jurisdiction that does not otherwise appear on the face of the well-pleaded complaint.  Accordingly, and in light of the black-letter principle that all jurisdictional doubts must be

---

[5] Even if attorney's fees were unavailable under Counts One, Two, Three and Four of Smith's Complaint, his mere inclusion of a demand for attorney's fees as part of the remedy sought would not transform those purely state-law claims into federal claims.  In the undersigned's experience, it is commonplace for plaintiffs to demand remedies in their pleading for which there is no obvious or apparent legal justification.  By demanding such remedies, plaintiffs are not opening the door for the specific claims and causes of action presented in their complaint to be recharacterized, reimagined or rewritten by the court or opposing counsel into an entirely different claim that might countenance such a remedy.  Stated differently, in federal court, the well-pleaded claims define the available remedies, not the other way around.  Defendants would turn this proposition on its head by having the remedies demanded in a prayer for relief transform well-pleaded claims into something else altogether.

resolved in favor of remand,[6] the Court finds that removal was improvident.  This action is **REMANDED** to the Circuit Court of Hale County, Alabama for want of federal jurisdiction.

DONE and ORDERED this 27th day of October, 2017.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

---

[6] *See, e.g., City of Vestavia Hills*, 676 F.3d at 1313 ("[F]ederal courts are directed to construe removal statutes strictly.  Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court.") (citation omitted); *Russell Corp. v. American Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001) ("Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."); *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998) ("We construe removal jurisdiction narrowly and resolve any doubts regarding the existence of federal jurisdiction in favor of the non-removing party ….").